UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| BCD, LLC; ROSEN CAMPUS I, LLC; CR-MERC, LLC; AND ROSEN-WT MANAGEMENT, LLC, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>BMW MANUFACTURING CO., LLC f/k/a BMW MANUFACTURING CORP., )<br><br>Defendant. ) | C/A No. 6:05-cv-2152-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter is before the Court on the Motion to Seal of the Furman Co., Inc, and Stephen P. Navarro ("Navarro"), filed on February 13, 2007. The Furman Co. and Navarro ask this court to seal certain documents and to confirm the proprietary designation of these documents pursuant to the Court's Consent Confidentiality Order signed on June 16, 2006. The Court heard oral arguments on the motion on March 5, 2007. For the reasons stated below, this Court hereby grants the Motion to Seal of the Furman Co., Inc., and Stephen P. Navarro.

FACTUAL BACKGROUND

This action, asserting tortious interference with a contract, was filed on July 29, 2005. Clifford Rosen is a real estate developer who, in April and May 2002, through the Plaintiff companies, entered into a series of contracts with Clemson University Real Estate Foundation's AMREC, LLC, to develop an automotive research

1

park and campus in Greenville, South Carolina. As part of the alleged terms, Rosen agreed to donate to Clemson 20 acres of a 407-acre tract he controlled on I-85 for development of a Clemson research campus in exchange for certain rights to the Clemson name and marks and development fees for the remaining acreage of the planned contiguous research park. A component of these alleged development agreements was an agreement regarding development of a state-of-the-art wind tunnel in conjunction with the campus that would target NASCAR racing teams and automobile manufacturers. Plaintiffs bring this suit alleging actions of interference with those contracts by BMW, as well as by state officials who were allegedly manipulated and solicited by BMW to carry out BMW's plan to gain control of the property and the project.

This matter comes before the Court on the motion to seal filed by the Furman Co. and Navarro, neither of whom are parties to this lawsuit. The Furman Co. and Navarro became involved in Clemson's ICAR research campus after Plaintiffs' involvement in the project ended. Now, Plaintiffs seek to use certain confidential and proprietary business documents of the Furman Co. and Navarro during the deposition of Governor Mark Sanford.

## STANDARD

In *Ashcraft v. Conoco, Inc.,* 218 F.3d 288, 302 (4th Cir. 2000), the Fourth Circuit affirmed its position that "a district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is

outweighed by competing interests.'" (citing *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Though the Court has discretionary authority to seal documents, the Court cannot ignore the presumption in favor of public access. *Ashcraft,* 218 F.3d at 302. Therefore, in order to seal documents, the Court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.*

## ANALYSIS

The court finds the public notice requirement has been satisfied through the electronic filing and docketing of the Furman Co. and Navarro's Motion to Seal. As to the remaining factors, the Court holds the documents at issue are highly confidential and disclosing these documents to the public could irreparably harm the Furman Co. and Navarro not only in current business ventures, but also in their future business dealings. The Court has considered less drastic alternatives to sealing the documents at issue, but holds that no such alternatives exist.

In *In re Knight*, the Fourth Circuit emphasized several factors suggested by the United States Supreme Court to be used in determining whether certain documents should be sealed. 743 F.2d at 235. One of the factors listed includes "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage." *Id.* (*citing Nixon v. Warner Communications,*

*Inc.*, 435 U.S. 589, 597-608 (1978))*.*  In light of this factor, the Court has reviewed the documents subject to this motion *in camera* and questions their relevancy to the factual matters at issue in this case.  The perceived irrelevancy of these documents certainly brings into question the purpose behind their use.  Disclosing the documents at issue would cause direct harm to the Furman Co. and Navarro, as these documents relate to confidential business practices.  Furthermore, Clifford Rosen is a direct business competitor of the Furman Co. and Navarro.  If Rosen received unlimited access to these documents, he would likely gain an unfair business advantage.  Finally, the Plaintiffs' attempt to use these documents at Governor Sanford's deposition could promote improper speculation as to the motivation of the Governor's actions.

## CONCLUSION

After reviewing the documents at issue, the Fourth Circuit's rules related to the sealing of documents, and the Local Civil Rule 5.03, the Court hereby GRANTS the Furman Co. and Navarro's Motion to Seal.  The following documents are to be sealed in accordance with this Order:

| | | |
|---|---|---|
| (1) | FURM006866-6871 | Fax and attached documents dated 11/8/2005 |
| (2) | FURM002027 through 2027-0104 | Appraisal dated November 21, 2005 |
| (3) | FURM002159-2167 | Fax and attached letter dated November 22, 2005 |
| (4) | FURM002019-2024 | Cover sheet and analysis dated November 22, 2005 |

| | | |
|---|---|---|
| (5) | FURM003224 through 3224-0037 | Agreement dated January 6, 2006 |
| (6) | FURM003134 through 3134-0006 | Document dated January 6, 2006 |
| (7) | FURM006767-6776 | Letter Dated February 27, 2006 |
| (8) | FURM006785-6826 | Agreement dated February 2006 |
| (9) | FURM00984 | Invoice Dated March 21, 2006 |

The Court confirms its designation of the above-listed documents as confidential and proprietary as outlined in the Consent Confidentiality Order filed on June 16, 2006. Finally, the Plaintiffs have moved to seal portions of their memorandum in opposition to the Furman Co.'s motion to seal. *See* Docket Entry #122. The Furman Co. and Navarro have also moved to seal paragraph 6 of their reply to Plaintiffs' response in opposition to the Furman Co.'s original motion to seal. *See* Docket Entry #127. The Court GRANTS both the Plaintiffs' and the Furman Co.'s motions to seal.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

March 9, 2007
Anderson, South Carolina

5