UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| BCD, LLC; ROSEN CAMPUS, I, LLC; CR-MERC, LLC; and ROSEN-WT MANAGEMENT, LLC, | ) ) ) ) | C/A No.: 6:05-cv-02152-GRA  **ORDER** |
| Plaintiffs, | ) ) | (Written Opinion) |
| v. | ) ) | |
| BMW MANUFACTURING CO., LLC; f/k/a BMW MANUFACTURING CORP., | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on Defendant's submission of a bill of costs for taxation. Plaintiffs oppose part of the costs and concede part of the costs. BMW is the prevailing party in this action, having summary judgment entered in its favor January 31, 2008.

The defendant seeks costs assessed against the plaintiff pursuant to 28 U.S.C. § 1920; Fed.R.Civ.P. 54(d)(1); and Local Rule 54.03 DSC. Defendant states that out of fifty-eight (58) depositions taken by the parties in this matter, it cited thirty-four (34) of these depositions in support of its motion for summary judgment and reply memorandum. Defendant asks the Court to assess costs in the amount $21,971.00 for stenographic fees associated with depositions. The defendant also seeks video costs associated with the depositions in the amount of $16, 427.50. The total amount sought by the defendant is $38, 398.50.

Plaintiffs object to the video costs associated with the depositions. Plaintiffs argue that Defendant has not established that the video depositions were "reasonably necessary" at the time the expenses were incurred. Plaintiffs do not, however, object to the request for the transcription of the depositions.

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . ." Further, section 1920 of Title 28, United States Code, allows a court to tax costs for "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The Fourth Circuit has stated that "'section 1920(2) implicitly permits taxation of costs of video depositions.'" *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448 (4th Cir. 1999) (quoting *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997)). However, as the plaintiffs' objections state, in order for a court to award costs for both transcribing and videotaping of depositions, the prevailing party "must nonetheless show that the costs were necessary for this case." *Wayne v. The Dallas Morning News, et al.*, 2000 WL 342188, * 1 (N.D. Tex. 2000) (citing *Cherry*, 186 F.3d at 449)).

Defendant BMW filed a reply to Plaintiffs' objections stating that the facts regarding the video depositions in this case are distinguishable from *Cherry*. Defendant states that "[t]he relevant deposition in *Cherry* did not involve a circumstance where the party opposing the motion for costs was the one that opted to videotape the

deposition, nor did it involve a scenario where all depositions were videotaped by the agreement of the parties." (Defendant's Reply to Bill of Costs 2.)  According to the defendant, the parties agreed to use both stenographic and videotaped means to conduct all of the depositions in this case, at Plaintiff's request. (Def.'s Reply 2.) Further, the plaintiffs noticed seventeen (17) depositions as video depositions. (Def.'s Reply 2.)

In a similar case, a court in the Southern District of Alabama followed an Eleventh Circuit opinion which held that:

> when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Procedure 26(c), it is appropriate under § 1920 to award the cost fo conducting the deposition in the manner noticed.

*Preis v. Lexington Insurance Co.*, 2007 WL 3120268, at *3 (S.D. Ala. Oct. 22, 2007) (quoting *Morrison v. Reichold Chemicals, Inc.*, 97 F.3d 406, 464-65 (11th Cir. 1996)). The district court in *Preis* concluded that since Lexington noticed these depositions as video and stenographic depositions and since there were no objections to this designation, the costs were taxable. *Id.*

Applying this reasoning to the instant case, this Court finds that since the parties agreed to conduct all thirty-four (34) depositions in video format, and since no objections were made at the time the depositions were noticed, the plaintiffs should be responsible for the costs associated with these depositions.

THEREFORE, IT IS ORDERED that Defendant BMW shall recover Thirty-Eight Thousand Three Hundred Ninety-Eight Dollars and Fifty Cents ($38, 398.50) in costs from Plaintiffs.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

March 17 , 2008